UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELIZ ARGELIS FUENTES,

    Plaintiff,

v.                                              Case No. 8:25-cv-1632-TPB-NHA

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court on Meliz Argelis Fuentes' *pro se* complaint, filed on June 24, 2025, purportedly on behalf of her husband Alexis Lazaro Rodney Mesa, 2024, seeking a stay of removal and asking that he be allowed to remain in the United States while pursuing a motion to reopen his immigration case. (Doc. 1). Plaintiff has also filed a motion seeking the same relief and a motion to proceed *in forma pauperis*. (Docs. 2; 3) After reviewing the complaint, motions, court file, and the record, the Court finds as follows:

Plaintiff has filed suit against United States Immigration and Customs Enforcement ("ICE").[1] The complaint asserts that Alexis Lazaro Rodney Mesa is subject to a removal order and is scheduled to report for deportation/removal on

---

[1] It appears that Meliz Argelis Fuentes is a nonlawyer and therefore unable to represent her husband Alexis Lazaro Rodney Mesa in this proceeding. The Court's dismissal of the case on jurisdictional grounds makes consideration of this issue unnecessary.

June 24, 2025.  It appears the removal order was entered in 2020.  *See* (Doc. 1-1 at 15).  Plaintiff requests an emergency stay of removal on various grounds while Plaintiff attempts to reopen the immigration case.

The Immigration and Nationality Act deprives this Court of subject-matter jurisdiction to hear any challenges to removal proceedings.  The statute specifically provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g); *see Johnson v. Acting United States Attorney General*, 847 F. App'x 801, 802 (11th Cir. 2021) (affirming that district court lacked jurisdiction over constitutional challenge to ICE detainers, notice to appear, detention order, and removal order).  The complaint seeks to stay execution of a removal order, and the Court is therefore without jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) Plaintiff's complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of June, 2025.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**